Hear ye, hear ye, this Honorable Appellate Court of the Second Judicial District is now back in session. The Honorable Robert D. McLaren presiding. Please be seated. Your Honor, this is the final case on the Dodd-Wilson-Moran suit. That's 21-0537. Michael D. Prate, defendant's appellant. The Zurich American Insurance Company, defendant's appellate. Arguing on behalf of the appellant, Mr. Dwayne Douglas. Arguing on behalf of the appellate, Mr. Matthew T. Burton. Thank you. Mr. Douglas, you may proceed. May it please the Court, Counsel, and Michael and Christopher. In a way, this is an unusual case because in the proceedings below, the plaintiff and his attorney can be wrong. But here, in my position before this Court, regarding the award of sanctions, I at the same time can be right. This is not like the Clark case that Matthew cited below where you had a professional objector extorting money from someone in case after case across the country. This is not like someone claiming that they're a sovereign citizen and not amenable to the jurisdiction of the courts or something crazy like that. This is not anything like that. We have the sanctions, and I've appealed here just the award of sanctions. So to the extent that the — When you challenge only the sanctions, by doing so, doesn't your client essentially concede that the complaint was meritless, not well-grounded in fact or existing law? I mean, you don't address the merits at all. I do not raise the argument that it should be reversed, I suppose. I mean, the Court has a great deal of latitude and discretion making, obviously, and a large number of decisions. So what I've conceded is that looking at it from my perspective, I'm not arguing before this Court that the affirmative defenses could be overcome. But the issue is the manner in which those were addressed below and whether or not they warranted sanctions. And, of course, even regarding the sanctions, the Court — you know, you have to affirm unless it's an abuse of discretion. But the facts don't support the award. The Court still has the authority here to find that sanctions shouldn't be awarded, even if in the end it was found that the complaint, for those reasons, should be dismissed. Zurich below had the burden in the motion for sanctions. Mr. Prate has been involved in the roofing business for a long time, since 1972, according to the complaint, correct? I don't know the date, but he's been in the business a long time. He purchased his — at paragraph 8, 1972, Prate started a roofing company as sole proprietor. So this is someone who's familiar with the industry, with insurance in the industry, correct? This is someone who, even by his affidavit relating to the conditions of the note, said, I had a good working relationship with Zurich for a time. So, yes, and I think that good working relationship, then to later see the terms and conditions imposed in the middle of a policy term, and then be handed a $700,000 bill, was drawing to someone with that experience with a good relationship. Everybody in the industry, especially the roofing industry, which is dangerous, is familiar with the fact that retrospective rates and or premiums are common in the industry, correct? Well, he would have had experience with Zurich. He would know that. Well, he would know what he knows from his experience with Zurich. Let me ask you this question. In light of that experience, which is extensive, how does failure to file the terms and conditions with the State, with the Department of Insurance, constitute or amount to a fraud? Well, in, so there's several interlocking things. So, in connection with his allegations of fraud, and again, I'm not challenging. What is the fraud, though? I mean, the allegation of fraud. Well, they broke it down into the three counts that you saw. The pattern of what he alleged was fraud was what amounted to a contract of adhesion. So, in the middle of the policy term, signed these terms and conditions without having any choices to them leading to arbitration versus litigation in court. That led to a $700,000 bill. I just don't understand. How is the failure to file the terms and conditions, how does that in and of itself constitute a fraud? Well, the allegation that was made in the complaint was, and we only got as far as that initial stage of the complaint, that the failure to do that is what led to that being in place in the first place. Because the allegation was that had that been done, the director would have seen the one-sidedness of it and not permitted that to be circulated. And then that's the way the insurance court operates. But for failure to do that is if it was able to circulate these terms and conditions among the policyholders without review by the state. What is the provision in the code that requires filing of the terms and conditions? The provision in the code, and I do have it here, one moment. It's section 143 of the insurance code, and it notes in subsection 2, the director shall require the filing of all policy forms issued or delivered by any company transacting the kinds or kinds of business enumerated in Classes 2, and Classes 2 relates to workers' comp claims. And with respect to the statute of limitations in particular, you say that Mr. Prate would not have looked at the book. What was argued that he would have no ability to know? What we see in the record is that he argued that the failure to file the terms and conditions of the state was not a public record, and they used an expert to issue a FOIA claim, a request, in order to receive that information. Zurich responded that, no, these are public records pointing to a statute. But as I note in my brief, looking to that statute, all at best that shows is that perhaps that is something that could have been a public record. The statute itself has a list of exceptions, and the statute goes on to say that the director of insurance can't, at his or her discretion, make something not public. So the best you can say from what Zurich argued in response to that is that perhaps it could have been, but there was no showing below that it actually was. And regarding that point, you have where we were in that stage of the litigation, right? It's a motion to dismiss. So that's a factual finding. The trial judge wound up saying it's a public record. But to point to a statute that says it might be isn't the same as proving that it is. Well, if the trial court was correct, would you agree that the presumption is, and that the code provides that these are public records? No. I mean, I refer back to what I said before. It's potentially a public record. Well, there's a presumption that it's a public record. I don't know if I'm going to use the word presumption. We filed with the state are presumed to be public records. Right. I mean, I guess it would be the same response. It could be, but the statute at hand provides that the director could, at his discretion, have it not be. Michael alleged it wasn't there to find that I needed a FOIA request. But there was no actual showing that the statute aside, which could have had it be a public record, that in this case it actually was. So the response to Michael's assertion that it wasn't, I don't believe, was adequate for the trial judge to then say, hey, this is a public record. You should have found it. You should have found it back in the original litigation. I'm sanctioning you now. So that, I don't think, was enough for the court to do that. And a lot of that comes back to the whole purpose of the rule. I mean, the purpose of the rule, and I'm referring to Rule 137, obviously, is to prevent false and frivolous lawsuits, to avoid sanctions. You don't need to be correct as to the law. Lawyers are incorrect. Every lawyer that stands before you has at times made a mistake or made an error or towards the end of trying to advocate a point made an error or overreached in an argument. That happens all the time. And seldom, if ever, does it ever result in sanctions. Being wrong is not the same thing as warranting an award of sanctions. So avoid sanctions. What the court should look at is the reasonableness of the circumstance in the pleading was filed. So what were those circumstances? So you had, you did have the prior litigation. You had the arbitration, the motion, or the proceedings in Wake to compel the arbitration, the proceedings in Cook to affirm the award. It's part of why I did not challenge that part of the court's ruling. But the circumstances when filed were that using a FOIA request, the terms and conditions were discovered. So, as not being filed with the state. It was the argument below that something along the lines of that the statute runs once you discover the contractual breach. I think I phrased it more like could have been discovered. Yeah, right, right. I didn't think it was. The exercise of reasonable diligence by a person who's been involved in the industry since 1905. Right, right, right, right. Ultimately, the court decided that adversely. And then Mr. Press filed a motion to reconsider. Well, I know the court found that. But to the extent that that's, and the pleadings are pretty voluminous. I've never had to break out the pleadings in a separate appendix ever before. And I've filed 60, 70, 80 appeals before this court a few years. So there was a lot of paperwork there. But as far as it being pressed, I get from reviewing the record why you would feel that way. But in actuality, there was one motion to dismiss. That's it. So, I mean, even if something wasn't pressed, there would be one motion to dismiss. And if it was pressed, there would be one motion to dismiss. So it wasn't, yeah, there were motions to reconsider. I agree with that. But I guess I'd ask the court to see how soon did the case end up. One proceeding, first shot across the bow, dismissed with prejudice. I think one of the considerations by the trial court was the extent of the litigation below or before that, before this. Well, I guess what I took out of it from the record is the court felt that the, I'll agree, the court seemed to feel that the degree to which the motion to reconsider, motions to reconsider were brought and so forth was more than what you would ordinarily see. And I don't know if that's true or not true. I don't know if I have motions to reconsider. But certainly the court did look at that in determining the ways to your counterpoint, of course. Of course. But the distinctions, that's a different point. And another point about that, the court has to set forth with specificity the reasons why it is sanctioning my client. The court does make its findings in the record. But I don't, my opinion is they were not set forth. And Rule 137 requires that, of course. The court, and I know you addressed this in your brief, the court did specifically talk about the reference to Section 13207. And you argued in your brief that that's not sufficient to satisfy the findings requirement. But when the court referred to that, wasn't the court referring to the entirety of the pleadings in the case? And the court said, which shows the thinking and the analysis and the lack of research and really vigorous vetting of the facts. And of this case and the applicable law to this case. Did the court use that as an example of the lack of research and vigorous vetting of the facts? The court did point to that, and I'm actually glad you brought that up. So with respect to that, trying to evade the statute of limitations by relying to the provision of the code of procedure relating to counterclaims. That, I didn't see a way to argue that here as being correct. Because counsel acknowledged that that was a mistake. I shouldn't have done that. The court was using that as an example of the lack of vetting of the facts and the applicable law. So the court was making a specific finding regarding counsel's behavior. Okay, well, as to that, and again, I'm glad you brought that up because I have thought about that. That was raised, I believe, by counsel in a surreply and not argued again. The court, in making its findings regarding sanctions, cannot sanction someone for just being wrong. So that was a mistake. I'll agree with that. But that was, to your earlier comment, not a point pressed. He didn't argue that again and again and again. And this happens with lawyers all the time who don't and shouldn't get sanctioned. Oh, you're wrong about that. Oh, you're right, you're right. Forget that. I'm incorrect. And that's what happened with that point. There wasn't harassment. There wasn't this pressing of a false point over and over and over again pointing to that one thing the court did say. So if the court found that that was something that would warrant sanctions and the fees should be limited to that. That's the most specific, to the extent that the court is supposed to and must, rule, make specific findings. Okay, I'll say that is a specific finding, but that would not have warranted over $100,000 of fees as to that point. Five, three, two. And with that, I think the court has to, this court has to look at the trial court assessing fees for everything. Now, you used to make a point that the court did point to a specific thing. The court could have said, okay, there is a specific thing I think fees should be assessed for. But the court did not do that. And the court even said at one point, how do you expect me to do that? I'm just awarding fees for everything. As to that, normally, I think this court should say, look, when the trial court asks how can I do that, the answer is for this court to say you have to look at the billing records and see what relates to what. Now, even if we were to disagree with the trial court as to the amount of the award or awarding sanctions at all, you recognize that the abuse of discretion is a very high standard. Of course, I do. I do. That's part of why I would appeal the sanctions itself. And you also, another point in your brief, you argue that sanctions should be limited relative to the statute of limitations issue. How is that possible? Well, another question also, but I'll follow up with another question. But how is it possible that Zurich knew or should have known exactly what the trial court was going to find? I mean, they had to respond to the entire complaint, correct? I agree that they would have to respond to the entire complaint. You can't limit it to just the statute of limitations. They had to address race. Oh, no, no, no. That's not what I mean. So with respect to the sanctions issue and which things you pin it to, if and to the extent this court was to find, all right, we're going to limit it to race judicata, we're going to limit it to statute of limitations, if that is one thing. Withstanding, I don't think that that can or should be done. And I have pointed to the record where the trial judge at the ruling in the motion to dismiss outright said, well, I don't know if I can dismiss this with prejudice based upon standing. And, of course, the court has below a liberal policy of allowing amendments. Any time before judgment, you can amend to add a party. Should my client be sanctioned for not yet having the opportunity to substitute a new party at that motion to dismiss stage? Should sanctions be awarded? Of course not, because the proper plaintiffs were the corporate entities, which could easily have been added. So that certainly is something. If and to the extent you're looking and say, okay, here's activity relating to the standing issue, that absolutely cannot and should not be part of the basis of the word of sanctions. Any questions, Chris? No. Mr. Douglas, my perception is, is the trial court looked at the precedings prior and then looked at the new complaint and thought that it was beyond the statute of limitations. And then there was a claim that this was a discovery of fraud, and the discovery was based upon a search and the failure to find the filing and so on. And the trial court decided that your discovery, even though it may not have said it, was disingenuous, or if it wasn't disingenuous, then it should have been done way back when in the earliest proceedings. I would say the second thing I would agree that the trial court found. And so as Justice Burkett suggested, the assessment of fees is an exercise in discretion. And so I'm asking you, how is it that after determining that there was extensive litigation going on prior and then there was something that was brought up that appeared to be beyond the statute of limitations of five years, and that the basis for claiming that the statute should have been told didn't seem reasonable to the judge because even if what you were claiming was fraud, was fraud, it should have been discovered long ago. And so I'm dealing with the problem that you have, which is to overcome the burden to establish that this is an abuse of discretion. So in a minute or two, could you explain to me why what he decided wasn't an abuse of discretion? Why it was or wasn't? Well, you can explain. Well, I guess I'll say one thing in answer to that. So to the extent that the trial judge found. And again, look, you should have figured out this terms and conditions thing before. Is that something a trial judge at a point in litigation concluded? Yes. Is that something that this trial judge should have found at that stage of the litigation in support of an award of sanctions? No. Why? Because of what you had. There was no evidentiary hearing. That's another point, actually. The court invited an evidentiary hearing. So that's not solely on the court, is it? It isn't solely on the court. Mr. Seddon could have testified. I guess when there's an absence of an evidentiary hearing and you are the moving party of the burden, I put the whose fault is that? I put that on the all due respect to Mr. Burton, who's a nice guy. I put that on the moving party. So the motion for sanctions, it's his burden. So part of why he's saying there should be sanctions, and I'm going to try to tie both your points together if I'm hopefully doing it right. Part of why is that, well, you should have discovered this. Back when our case was going, you should have found out about this then. That is a factual issue. Because while you can point to a statute that says it might be, at that stage, the judge should have said, well, you say it's not public and you needed a FOIA request. You say the statute says it. I'm reading it. It might be. How am I supposed to find that? Had we reached a later stage of the litigation where it had actually been shown somehow that it actually was, then that would tie in to two things. That that would tie in to the dismissal issue and that would tie in to the sanctions issue. By that stage of the litigation, the trial judge didn't have that. I have one, just real quick, that came up while you were responding to Justice McClendon's question. Sure. In your brief, you cite Kensington's Wine Auctioneers v. John Hart Fine Wine for the proposition that sanctions should be limited to the specific findings. But in that case, the only comment that was cited by the trial court was Kensington's failure to appear at a scheduled court hearing. That was it. And that's why the case was reversed. And here the court referenced the entire complaint and the pleadings that went on. Correct? Well, yes. But, for example, to do that, I think what a court has to do is say, as to these entries, all of them apply. This entry applies to this. This entry applies to that. Like, for example, where there's entries where, and I may refer to them, we're trimming the motion to dismiss. That isn't a warrant of sanction saying, we're looking to see what the COVID rules are for the courthouse. My client shouldn't pay for that. The fees were, I think, upwards of $25,000 before the motion got filed. And, relating to that, the court has to determine whether they're reasonable. I mean, the Rule 137 relates to these sanctions being reasonable, right? Is over $100,000, and I see the record, and I see the 1,000-plus page appendix not filed, and I get it. But is $100,000 a reasonable sanction and a reasonable fee for this stage of the proceeding? There was one motion to dismiss, one motion for sanctions. $100,000. This court could find, all right, I'm giving you all the tinnity, but I don't think $100,000 is reasonable to deal with one motion to dismiss. One motion to dismiss, a motion to reconsider. Yes. Okay. Yes. Okay. Thank you. We'll have an opportunity to make your budget clear. Thank you. Thank you. Mr. Frick, you may proceed. Thank you. May it please the court, counsel. Before the court are the actions of a trial court judge who sits in the front line every single day to manage the guidelines that we've given lawyers. Lawyers have a duty that's unlike other professions. Lawyers need to conduct themselves in accordance with a set of rules. Every day lawyers look in the mirror and say, can I say that? Can I press this? And it is the rules of our profession that counsel lawyers on how to handle that. And we trust trial court judges to police the boundaries of what's appropriate. We then give them the strongest deference in evaluating their decisions. And this court will be issuing a ruling that will be read by trial court judges throughout the district and likely the state to evaluate whether or not their decisions, evaluating the conduct of the dozens, hundreds of lawyers who appear before them, will be supported by the appellate court or not. I submit to you that the trial court in this case did not make an error. It did not abuse its discretion. A reasonable person could find that this lawsuit was frivolous and should not have been filed. The trial court judge made an informed decision. He used valid reasoning. His decisions flow logically from the facts. He specifically noted, as the court pointed out a moment ago, that the thinking, the analysis, the lack of research, the lack of vetting of facts as to both legal matters and factual matters, caused him to issue an award of sanctions. There were numerous problems. I'm happy to address them, whether it's race judicata, statute of limitations, standing. Counsel, what is your response to the question or the issue propounded by Justice Burkett regarding whether or not there should have been an evidentiary hearing? Because the proposing counsel suggested, since you were the movement or your client was the movement, that it was your burden to go forward and your responsibility to present evidence. Your Honor, I don't think an evidentiary hearing is required. I think that the plaintiff in the underlying case could have sought a hearing. I don't think there's any evidentiary issue here. I don't know what the evidence would be. This was a matter of trying to re-litigate arbitrability. It wasn't re-litigating the underlying case. It was a desire to come up with a new argument to challenge arbitrability so that the case could be done over in a different form. Why do people file motions for summary judgment? Presumably because there is no need for a trial. If you don't need a trial, why do you have one? You have one in the event that there's a disputed issue of fact or there's a... Isn't your motion based upon the pleadings? Yes. It's based on the pleadings. You have to have a hearing, an evidentiary hearing on what the pleadings say. Agreed, Your Honor. I agree. You do not. The pleadings, everything's in black and white in the record. There were certainly external facts. There was talk about making a documentary in David versus Goliath. And the court was specific and said, I'm not awarding sanctions based upon that out of court or out of the context of filing and what takes place in the litigation. That's right. But I do believe, though, that the prior litigation history between the parties was before the court. That was in the record. And was the issue, and I think my reading of the record, there was a record before or during the arbitration proceedings regarding the failure to file with the state, correct? Yeah. That arbitrability issue was addressed in several pages in the arbitration award, which was confirmed and then not appealed. So the arbitration award was reduced to judgment. So it was no longer, it couldn't be relitigated. That issue could not be relitigated. The sanction was about $130,000, is that correct? That's correct. And were bills submitted? That's correct. And what did the bills total? $130,000. Was there a hearing on whether or not that was reasonable? There was an order. The exact terms of which escaped me, but I believe the court evaluated the submission of the bills and found them to be sufficient to enter the order requiring the sanction of $130,000. And there was a motion to reconsider? Yes. And that was denied? Correct. Every motion was moved to reconsider. Thank you. What about the counsel's argument that the award should have been limited to the statute of limitations and as well as race-jurisdiction? Well, I think perhaps. What was performed on those two issues? The response is that the defendant found itself facing a $10 million lawsuit. That was the demand here, $10 million. It needed to bring forth, had an obligation to bring forth everything that it had. It ultimately prevailed on all three issues. Two were mentioned at one time. The third was mentioned at a subsequent hearing as an additional basis. Counsel argued that that could have been corrected at any time during the litigation prior to judgment. It could have amended the parties, could have named the corporations. Well, the complaint actually alleged the corporations were dissolved in 2013 and 2014. I don't think adding the corporations would have fixed anything. It wouldn't have fixed anything. It's still barred by race judicata. In fact, the corporation was the party to the prior case. The plaintiff in this case, Mr. Prate, he's barred by race judicata because race judicata applies to the parties and their privies. And the owner of a company is in privity with the company itself for purposes of race judicata. But the question focused on should you get an award for all of the defenses or only some of the defenses? Rule 137 text allows in order to pay to the other party the amount of reasonable expenses incurred because of the filing of the pleading, motion, or other document. And here the challenge was the complaint itself and then the aggressive litigation to defend the complaint that caused all the expense. Zurich didn't have the luxury of saying, well, we've got a silver bullet defense here. We'll go with this one. We don't need to talk about our other defenses. That's generally not how lawyers approach these things. And, in fact, it would be a bad idea to do that. So they had to come forward with everything. And they succeeded on everything. It wasn't like there was a fourth one that was ignored. All the issues were resolved in Zurich's favor. Ultimately, Your Honors, having before you a careful trial court judge who dismissed a case on the merits at an early stage, thankfully, had he not had the confidence and the boldness to step in, this litigation would not have been possible. This litigation could have gone on for a much longer period of time and wasted a far larger amount of money. Instead, we had a judge who had the confidence to step in and say, this is not going forward. I'm going to terminate this. And he said that it was so bad, I'm issuing sanctions. I think it doesn't matter whether it's 9 out of 10 judges granting sanctions or 9 out of 10 judges denying sanctions. The decision to grant or deny sanctions is subject to an abuse of discretion standard. And I think his conduct was reasonable under the circumstances. Did the court's finding include a finding that the complaint was filed for an improper purpose or that it was objectively unreasonable? Or does it even matter? He didn't make those specific findings. I don't think it matters. I think he went forward with his analysis, which specifically referenced the thinking, the analysis, the lack of research, and the lack of the vetting of the facts, and noted both legal and factual problems with the complaint as a whole. So is it your argument, then, that the lack of an evidentiary hearing is harmless here because there was no fact to be discerned that would have made a difference? Absolutely. There was no fact to be discerned. Everything was in the papers. It was in the record. There was no suggestion that there was some fact that could have been brought forward in some hearing that would have changed anything. I mean, we were talking about laws and their application to the case. You know, we're talking about a party who was advocating both the adequacy of the existing complaint and seeking leave to file an untimely amended complaint that was substantively identical. It was also a fraudulent failure to file, which is a theory that doesn't really even make sense. Yeah. Well, I suppose the theory underlying it is that it was not the failure to file. I suppose the absence of a record is not a public record, right? I guess that's… It's the absence of a record, right? They didn't file anything. Right. There's no public record to discover because they didn't file it, I guess, is the reasoning. I guess that's the… I don't know. I've never been able to figure it out. I mean, so at some point it was filed, right? The terms and conditions eventually was. And is it your argument then that it was so long ago that that wouldn't have mattered anyway? No, it was not filed. It doesn't need to be filed. And, I mean, we can litigate the underlying issue. It's not an insurance policy. It's a financing arrangement. If you think about the ordinary insurance arrangements, say you buy a homeowner's insurance, you pay on day one for the entire year. This is an arrangement that allows the insurer to pay more slowly every month. It reduces overhead if he adopts new safety measures, et cetera, that are commonplace in workman's comp. Yes, it's called loss sensitive. So if your losses are high, your costs are high. And if your losses are low, your premiums are low. And so if you run a safe workplace, you pay less. That's the arrangement. But all of that could have been debated in the earlier case where arbitrability was the issue. And that was the frustrating thing is that this was an attempt to sort of reopen unsuccessful arbitration on an issue that had already been beat to death in a 10-year proceeding that started over 10 years earlier. Unless the panel has any more questions, I'll cede the balance of my time. I appreciate your attention and ask the Court to affirm the lower court's decision. Any other questions? Thank you. Mr. Douglas, you may proceed with rebuttal. Thank you. Just to respond to a few of the things that were said. To the extent that counsel, I believe, said that the trial court found that the complaint was frivolous, that is not what the court found. The court found that the opposition, whatever you're affirming, it's opposition to the affirmative defenses. And another thing about that, so Rule 137 is calculated to deal with basically, it's to be interpreted penal in nature, it is. And one thing it's intended to address is false allegations. All right. The complaint itself, there's originally nothing there that Zurich is claiming is false. Much of what the complaint sets out is actually Zurich's claim. The fact that there was coverage, the fact that there was a policy, the fact that there was terms and conditions, the fact that there was a note, the fact that there was arbitration of a proceeding in Lake to compel arbitration of proceeding, to affirm the award, there's no dispute about any of that. The fact that the terms and conditions existed and weren't filed with the state, there's no dispute about any of that either. The facts of the complaint were not what the court found to be false. The court's issue was only with the opposition to the affirmative defenses. To the question about the evidentiary hearing, and it might have been your point, Justice McClaren, that the evidentiary hearing to say that the words on this piece of paper, I don't agree with the legal point there. No, you don't. But in addition to the public record issue and whether true or not, that being something the trial court relied on, one principle thing that Zurich relied upon below in saying that there should be sanctions is because they did argue factually regarding the circumstances of the execution of the note that what they're saying happened couldn't have happened, that didn't happen that way, that person wasn't around. And in answer to the circumstances of the execution of the note, the plaintiffs, or plaintiff I guess at that time, filed multiple affidavits, one from Mr. Pratt, one from someone else that was at the office, one from you're waiting to know. If you do that on Zoom, that's a bad thing. No, but the trial court said I'm not considering those allegations. What the trial court said is that it's not considering things outside of the pleadings, and that is within the pleadings. So what I take that to mean from the record is to the extent that Zurich in their 500-page motion for sanctions said things like, you contacted a television producer, you did this. Consistent with the law, the trial court was correct. The court did only consider the matters in the pleadings. But what I just referred to was in the pleadings. Now, could the trial court be affirmed for saying, I believe Zurich's affidavits regarding the circumstances of the filing of the note versus Mr. Pratt's? And this court can't do that. I mean, the affidavits don't spring to life and testify. The court's specific findings were with regard to the lack of any defense to statute of limitations or res judicata, that they were meritless. The court relied on those two. And then also discussed but didn't really make a specific finding regarding standing. Well, regarding standing, and I do note this in the brief, at the hearing on the motion to dismiss, the court acknowledged it shouldn't dismiss the complaint for standing because you can substitute another party in. But at the motion for sanctions, the court ruled as if it hadn't said that at the motion to dismiss. And in the motion for sanctions, the court did rely upon the standing issue in awarding sanctions and should not have because, A, you can substitute a party in per rule or per the Code of Civil Procedure, Section 2616A, at any time before final judgment. And, B, the court itself in the ruling of the motion to dismiss said, well, I don't think I should dismiss the complaint for that reason. I'm curious. Sure. I don't claim to be up on the law relative to dissolved corporations, be they dissolved voluntarily or involuntarily. But if they are dissolved, how do you join them? You cannot join a nonexisting party. On the record below, I do not believe. I think it was at hearing oral argument that counsel for Mr. Preitz said the corporations were there. So that's what I gleaned from the record. Okay. You said pleadings. And to me, pleadings aren't necessarily the entire record. And so I'm curious, as I discussed with you my perception of the case, direct arguments, so to speak. The judge seemed to focus on what Justice Perkess just referred to, which was the idea that not only was this raised before, but it could have been raised before, and it wasn't. And the fact that there was an attorney or someone who attempted to and was apparently successful to get a promissory note executed by your client wasn't considered a factor by the judge. Now, I'm curious as to whether or not when you say it was in the pleadings, you mean that it was cited as evidence for the proposition that the affirmative defenses were true? Or was it to indicate something in the nature of bad faith? To the extent that the circumstances of the execution of the note were raised, they were raised principally by Zurich to claim the falsity of statements made, and false statements are covered within Rule 137. So that was significantly and principally the manner in which they were raised below, in my view, in support of the request for sanctions. Where in opposition, there were counter-affidavits by one, two, three people, an employee, Mr. Preet himself, and a comptroller, I believe, of the businesses. And in that, if and to the extent the court may, for that, if you were to say, well, look, there were false facts, I don't think this court can do that based upon affidavits and counter-affidavits. And that is something that very strongly Zurich was relying upon to seek the word of sanctions. But the court carved that out and said, I'm not ruling on that. But I don't know that I agree with that. I know the court, I do agree the court carved out things outside the pleadings. But what I'm discussing is squarely within, call it pleadings or motions, motions, pleadings, and other documents being coverable by Rule 137. The court's specific finding here with respect to the lack of vetting the facts and the law. The court's comments referred, the lack of vetting referred to the citing in a surreply the statute relating to the counter-plaints. The court has said, he said it shows, he used that by way of example. And sanctions can be avoided where there is a lack of reasonable inquiry regarding the facts and the law. You don't have to have false allegations. The lack of a reasonable inquiry into the facts and existing law at the time of the filing is sufficient to award sanctions. An attorney can make a novel argument, a new argument. Our entire bodily law is built on that. But if it's not a good faith argument for the extension of the law, for example, correct, that that could be a basis. Thank you. Thank you. Sir, your time is up. There are no further questions to be asked by the panel. This is the last case in the call. Hopefully at this position we'll be rendered in apt time. Court's adjourned.